**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HOANG TRAN, | Case No.: 2:25-cv-02397-APG-DJA |
| Petitioner | **Order Granting Amended Petition for Writ of Habeas Corpus** |
| v. | [EFF No. 5] |
| THE UNITED STATES OF AMERICA, et al., | |
| Respondents | |

Petitioner Hoang Tran, an immigration detainee born in Vietnam, was lawfully admitted into the United States on December 12, 1980 when he was six years old.  On June 14, 2001, an immigration judge ordered him removed to Vietnam. ECF No. 17-1 at 2.  At the time, Mr. Tran was in custody.  On October 29, 2001, the government released Mr. Tran on an Order of Supervision. ECF No. 17-2 at 4.  For more than 25 years, the government did not deport Mr. Tran even though he was allegedly non-compliant with his conditions of supervision.

On November 14, 2025, the Nevada Department of Corrections released Mr. Tran into the custody of Immigration and Naturalization Enforcement (ICE). *Id*. at 3.  The government requested travel documents on December 3, 2025 to deport Mr. Tran to Vietnam.  On that same day, Mr. Tran filed his application to proceed in forma pauperis with a proposed habeas petition in this case. ECF No. 1.  I approved the application and appointed counsel.  On December 29, 2025, Mr. Tran filed his amended petition under 28 U.S.C. § 2241, which seeks his immediate release from custody under *Zadvydas v. Davis*, 533 U.S. 678 (2001). ECF No. 5.

The respondents have repeatedly represented to this court that Mr. Tran was about to be deported. *See*, *e.g.*, ECF No. 23 at 1 (The respondents' counsel "was notified by the Department

of Homeland Security that the Consulate of Vietnam is in the process of issuing the travel documents for [Mr. Tran] and that he will be deported to Vietnam this month [i.e., February].”); ECF No. 25 at 4 (“Petitioner Hoang Kim Tran is scheduled for deportation to Vietnam at the end of February.”); ECF No. 31 at 1 (“Petitioner was transferred to a facility in Florence, Arizona for preparation for his removal on March 15, 2026”).  This last representation from DHS was a blatant falsehood.  Mr. Tran was never transferred to Florence, Arizona, and remains in detention in Pahrump, Nevada today. ECF Nos. 33, 34, 35-1 at 5.

DHS has made several material misrepresentations to its counsel, Ms. Tomova, who passed those on to this court. *See*, *e.g.*, ECF No. 35-1.  Mr. Tran has been held in detention by immigration officials longer than six months.  Thus, his continued detention exceeds the six-month period deemed presumptively reasonable by the *Zadvydas* court.  Given DHS’s misrepresentations to this court, it is apparent it is unable or unwilling to deport Mr. Tran.  There is “no significant likelihood of removal in the reasonably foreseeable future.” 533 U.S. at 701.

I THEREFORE ORDER that Mr. Tran’s Amended Petition for Writ of Habeas Corpus **(ECF No. 5) is granted.**  I declare that Mr. Tran’s ongoing detention violates the Due Process Clause of the Fifth Amendment.

I FURTHER ORDER respondent John Mattos to release Mr. Tran from the custody of CoreCivic as soon as reasonably possible but no later than 12:00 p.m. on Tuesday, March 24, 2026, in a safe and orderly fashion during the daytime.

I FURTHER ORDER the respondents to transport Mr. Tran to 501 Las Vegas Blvd South, Las Vegas, Nevada by 5:00 p.m. that same day.  The respondents must advise Mr. Tran’s counsel of the estimated time of release for coordination purposes.  Mr. Tran is reinstated to supervision and will remain subject to whatever conditions of supervision were previously

imposed upon him by the Immigration Judge prior to his recent detention and any additional reasonable conditions of supervision to be imposed by Immigration and Customs Enforcement under 8 U.S.C. § 1231(a)(3).

I FURTHER ORDER that the respondents are permanently enjoined from further unlawful detention of Mr. Tran under *Zadvydas v. Davis*, 533 U.S. 678 (2001) or any other applicable law.  The respondents are prohibited from revoking Mr. Tran's release on the order of supervision absent proof of changed circumstances making his removal reasonably foreseeable and without first following the required statutory procedures.

I FURTHER ORDER that the respondents are prohibited from removing Mr. Tran to a third country without a reasonable opportunity to reopen his proceedings before an Immigration Judge.

DATED this 23rd day of March, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE